Green, Judge,
concurring in part and dissenting in part:
I concur that the release relied upon by defendant was extorted by duress on somewhat different grounds from those expressed in the majority opinion, but dissent as to the basis of plaintiff’s right to recover and the disallowance of interest.
*111 In my opinion, the provisions contained in the contract with reference to the execution of the final release, in such form and containing such provisions as shall be approved by the Secretary of the Navy, etc., were not binding upon plaintiff at the time when the officials of defendant demanded and obtained from plaintiff a release in full from all claims against the United States, and its exaction under the circumstances set forth in the majority opinion was illegal and constituted duress.
Nothing, as it seems to me, can be more inconsistent than the position taken on behalf of the defendant, which is that it had a right to and did cancel the contract, but that all of its provisions are binding upon the plaintiff. I do not think there is any legal principle by which one party to a contract can repudiate it, deny that it has any force and effect after such cancellation, refuse to permit the other party to perform it, and then, after it has canceled the contract, insist that the other party shall comply with a provision which by the express terms thereof only applied in case the contract was completed. To my mind this is neither good logic nor good law but inequitable and unjust. It is true that under the statute of 1917, to which reference is made in the majority opinion, the defendant had the right to cancel the contract, but the provisions of this statute did not authorize defendant to abrogate its own obligations and keep in force agreements on the part of the plaintiff which applied to the future, and I doubt very much the statute being constitutional if such a construction should be placed upon it.
It should be observed also that the language of the contract (paragraph 5, section 14) makes the provisions with reference to the release apply to final payments “for work done on each vessel in due course after such work is finished,” thus making it evident that it was intended that as each vessel was finished payment should be made therefor and a release executed. If this provision be considered by itself, without regard to the cancellation of the contract, it could not apply under the circumstances of the case, for the payment which was made and upon which the release was demanded was not for completion of each vessel as the *112 work was done and for payment in accordance with the contract but for what defendant claimed was due plaintiff after the contract had been canceled. Moreover, before the cancellation of the contract the defendant had repudiated the conditions upon which a release might be demanded. As stated in the majority opinion, the contract provided for monthly payments as the work progressed and set out the method and manner of presenting bills therefor. This method was changed by a letter referred to in Finding V and an express order of the Secretary of the Navy dated December 7, 1917, directing that all accounting should be in accordance with certain forms, which the plaintiff followed and rendered its bills accordingly. In short, the defendant neither before nor after the cancellation of the contract paid any attention to the provisions that pertained to the release, but now insists that after the contract has been canceled it can select out certain portions of these provisions and enforce them as against the plaintiff. I think the conduct of the defendant made these provisions with reference to the release entirely inoperative, and if this is so it necessarily follows that the exaction of the release was unlawful even if the contract had not been canceled.
It should be observed that the defendant’s officials were demanding a release in full on payment of a much less sum than was actually due and were refusing to pay anything unless this demand was complied with. The exaction of a release of all claims, I think, was clearly illegal and it was doubly illegal to refuse to pay anything whatever unless such a release was signed. It is true that the making of an illegal demand or exaction will not by itself and alone constitute duress, for such action can not be said to be coercive unless, as was said by the Supreme Court in Hartsville Oil Mill v. United States, 271 U. S. 43, 49, cited in the majority opinion, there is “ evidence of some probable consequences * * * for which the remedy afforded by the courts is inadequate.” I think the facts shown in the findings and referred to in the majority opinion show plainly that if plaintiff had been unable to obtain any money on its claim it would have been a bankrupt long before any action through the courts would bring it any relief, *113 and it is quite clear also that it would not have been able to long carry on its business. While the defendant’s officials wrongly told plaintiff that it could only obtain relief by means of a special jurisdictional act enabling it to sue in the Court of Claims, the consequences which they pictured if plaintiff refused to sign the release were in reality much less serious than plaintiff had reason to anticipate and its loss would have been irreparable.
In the majority opinion it is said that the suit is on the contract. It may be a fair inference from the language of the petition that the suit was intended to be brought on the contract, but the petition prays for such relief as in law or equity plaintiff may be entitled and that the release be held null and void. As I understand the rule laid down by the Supreme Court, the measure of plaintiff’s recovery where a contract is canceled under the statute is just compensation and there is no lack of averments in the pleadings which would prevent us from following that rule. It is true, as stated in the majority opinion, that the evidence does not show the value “ of unworked and unused materials allocated to the contract work, nor the outlay of any sums other than those due and unpaid by the terms of the contract.” In other words, there is no direct evidence of the fair value of the materials furnished and work done for which suit is brought. As this work was done and materials furnished before the contract was canceled, it would seem that plaintiff might elect to receive the contract price therefor. Without, however, determining this question, I think that the contract price is some evidence of this value, and in the absence of any evidence to the contrary is sufficient to base a finding thereon.
The plaintiff, under the view that I have taken of the case, would also be entitled to recover the value of the contract, if it had any value. But I think the nature of the contract was such that it had none. While the contract was in force and effect, plaintiff would doubtless receive benefits from it, for it was a cost-plus contract, but defendant could have prevented plaintiff from receiving any benefits from the contract without canceling it simply by not bringing *114 any vessels to plaintiff’s yard to be repaired. It should be observed in this connection that defendant’s officials did not want the work stopped and did not have it stopped but continued to bring vessels to plaintiff’s yard to be repaired. They canceled the contract in order to get the work done at a lower price than was provided therein. The work done after the contract was canceled was paid for in accordance with terms fixed by the Secretary of the Navy. The value of such a contract appears to me to be purely speculative.
So far the measure of damages would be the same under either theory as to plaintiff’s right of recovery, but just compensation includes something further. The Supreme Court has said that where the contract has been canceled, interest might be awarded not as such but as a part of just compensation, and it seems to me that this case is one where such an award might very properly be made. The majority opinion has denied interest on the ground that the suit is upon the contract and therefore interest can not be awarded. I dissent from this for the reasons stated above.